UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00378-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. WILLIAM T. ARMSTRONG,

    Defendant.

---

**PROTECTIVE ORDER**

---

This matter coming before the Court pursuant to the agreement of the United States and the Defendant, it is hereby ORDERED that:

(1) As used in this order, the word "Defendant" means the individual defendant in this case; defense counsel actively representing the defendant in this case; and partners, associates, secretaries, paralegal assistants, and employees of defense counsel, but only to the extent reasonably necessary to render professional services in this case. The words "Confidential Material" mean materials obtained pursuant to a federal grand jury subpoena; materials obtained pursuant to a federal search warrant; any other materials designated by the United States as sensitive and/or confidential; and all materials provided by any other party and designated as sensitive and/or confidential.

(2) To comply with its discovery and due process obligations, the United States is

authorized to disclose Confidential Material to the Defendant. The Defendant is to treat as confidential all Confidential Material that is produced or made available for use in preparing his defense in this case.

(3) The Defendant and any person to whom the Defendant or the United States discloses Confidential Material, as permitted by this Order, must be shown a copy of this Order and be informed that such material is confidential and must be treated as such.

(4) The Defendant, any person to whom the Defendant discloses Confidential Material, and any person to whom the United States discloses Confidential Material, shall not make any further disclosure of the Confidential Material, except as provided herein, absent further order of this Court.

(5) The Confidential Material, including all copies thereof, may be disclosed by the Defendant to another person only for the purpose of assisting the Defendant in preparing his defense in this case, and may be disclosed by the attorneys for the United States only for the purpose of assisting the United States in preparing its prosecution or complying with its discovery obligations in this case. Only as much of the materials as may be useful for such purpose may be disclosed by the attorneys for the United States or the Defendant. The Defendant and those persons to whom he discloses Confidential Material in accordance with this Order shall not make any copies of the material, reveal the contents of the material, or use the information contained therein, for any purpose other than preparing his defense in this case. The persons to whom the United States discloses Confidential Material in accordance with this Order shall not make any copies

of the material, reveal the contents of the material, or use the information contained therein, for any purpose other than assisting the United States in preparing for prosecution or complying with its discovery obligations in this case.

(6) All Confidential Material, and any copies thereof, disclosed to the Defendant or third parties shall be returned to defense counsel at the earliest of: (a) the end of this case and any appeals; or, (b) such time as it is no longer necessary for the person to possess such material. At the end of this case and any appeals, defense counsel shall certify in writing to the attorney for the United States that he has received all Confidential Material and copies that were given to the Defendant or third parties. Also at that time, defense counsel shall either destroy all Confidential Material or return it to the attorney for the United States. If defense counsel elects to destroy any Confidential Material rather than return it to the attorney for the United States, he shall certify in writing to the attorney for the United States that such material has been destroyed.

(7) Any party may seek to have certain documents or categories of documents exempted from the terms of this Agreed-Upon Protective Order. Each party will be available, on reasonable notice, to discuss problems which may arise under the Agreed-Upon Protective Order. This Agreed-Upon Protective Order does not prejudice the right of any party to seek the Court's permission to exempt particular documents or categories of documents from the terms of this Agreed-Upon Protective Order.

Dated: August 4, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge